# CIRCUIT COURT OF THE CITY OF NORFOLK

Polly G. Slepin

v.

Colonial Chevrolet Co.

March 1, 2007

Case No. (Civil) CL06-634

By Judge Everett A. Martin, Jr.

The plaintiff has filed a motion for judgment alleging breach of contract, fraud, and violation of the Virginia Consumer Protection Act, Code of Virginia § 59.1-196 *et seq.,* all arising out of the repair of her car in 1999. The defendant has denied liability and filed several defensive motions. Mr. Coleman had no objection to the use of the plaintiff's deposition for the defendant's plea of compromise and settlement, which was raised as an affirmative defense. Answer, paragraph 50.

The plaintiff's car was damaged in an accident in June of 1999. Her insurer had it towed to defendant's shop for repair. The plaintiff testified in her deposition that she had no discussions with any employee of the defendant about the nature of the repairs or the manner in which they were to be performed. The repairs to her car were completed in July. With the exception of two minor items, one of which the defendant promptly corrected, she was satisfied with the work.

In September 2004, she noticed her rear bumper was loose. She took the car to the Norview Body Shop and was informed by Mr. Lassiter, the proprietor, that the 1999 repair had been performed by a "half-section" (also apparently sometimes called a "full section"). A "half-section" involves sawing the car in half and welding a different rear section onto the owner's front section. The "half-sectioning" of the plaintiff's car had been performed improperly. It is not an issue for the pending motions, but the defendant claims the plaintiff authorized the "half-sectioning;" the plaintiff denies this.

The plaintiff, Mr. Lassiter, an "I-Car" representative, Mr. Lehew of the defendant, and perhaps another person met to discuss the condition of the plaintiff's car. At the meeting, Mr. Lehew agreed to supply Mr. Lassiter the necessary parts to repair the car, to pay Mr. Lassiter for the work, and to pay the plaintiff her "out-of-pocket" expenses, including her rental car expenses. The plaintiff agreed to this the next day. (Slepin deposition, pp. 39-43.) The defendant thereafter provided Mr. Lassiter the necessary parts and paid him to make the repairs.

The plaintiff then sent the defendant a statement of her claimed "out-of-pocket" expenses. She claims she later supplied Mr. Lehew the supporting documents he requested and has heard nothing from the defendant about the payment of her expenses. Mr. Lehew testified he has never received the supporting documents he requested. Her total claim for "out-of-pocket" expenses is $3,058.80. The parties' failure to address this minor matter, which could probably have been resolved in one meeting or telephone call, has resulted in two lawsuits and the almost certain expenditure of thousands of dollars in attorneys' fees.

The plaintiff first filed suit in June of 2005 in the Norfolk General District Court for "breach of settlement contract" and sought damages of $4,499.99. She suffered a nonsuit of that action in September of 2005. In February 2006, she filed the present action seeking compensatory damages of $3,000 and $300,000 in punitive damages for fraud.

In paragraph 19 of the motion for judgment she alleges: "At the same meeting, Mr. Lehew on behalf of Colonial agreed to pay Norview approximately $4,000.00 to properly repair the Auto, supply the parts for the repair, and reimburse Polly for her out of pocket expenses of approximately $3,000.00." Inexplicably, the defendant denied these allegations in its answer. The defendant now seeks to bar this action because it claims the parties did indeed have a settlement. It would appear the defendant only denies the allegation that the plaintiff's "out-of-pocket" expenses are "approximately $3,000.00."

The law favors and encourages the settlement of disputed claims. Such settlements are binding on the parties in the absence of circumstances such as fraud. The courts ought not go behind a compromise and re-open the dispute. This policy applies to settlements *in pais* or *pendente lite*. *Chesapeake & Ohio Ry. v. Mosby*, 93 Va. 93, 100, 24 S.E. 916, 918 (1896); *Pollard v. Patterson's Adm'r*, 13 Va. (3 Hen. & M.) 67, 79-80 (1808).

The parties here had a settlement; there was an offer, an acceptance, and consideration; there was a meeting of the minds. The defendant offered to provide the necessary parts for repair to Mr. Lassiter, to pay him for the work,

and to pay the plaintiff her "out-of-pocket" expenses. The plaintiff accepted these terms. The defendant has performed the first two terms. All that remains is the payment of the plaintiff's "out-of-pocket" expenses. (Slepin deposition, p. 54, ll. 14-17.)

There is no dispute about what items are included in the plaintiff's "out-of-pocket" expenses. They include her automobile rental expenses during the second repair and her lost income from having to go to the Norview Body Shop and the defendant's shop to arrange for the second repair.

The defendant's plea of settlement is sustained, and Counts II and III of the motion for judgment are dismissed.